IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| JAMIE WEBB and AARON HODGE on behalf of themselves and all others similarly situated, | ) ) ) | |
| | ) | No. _____ |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DOORDASH, INC.    , | ) | COMPLAINT - CLASS ACTION |
| | ) | JURY TRIAL DEMANDED |
| Defendant. | ) | |

## CLASS ACTION COMPLAINT

Plaintiffs Jamie Webb and Aaron Hodge ("Plaintiffs") hereby bring this class

action suit pursuant to Rule 23 of the Federal Rules of Civil Procedure.  Plaintiffs

bring the action against DoorDash, Inc. ("Defendant" or "DoorDash") for breach of

contract, unjust enrichment, wantonness, declaratory judgment, injunctive relief, and

damages to remedy the Defendant's improper taking of tips that resulted in Plaintiffs

and Class Members not being paid the full amount owed to Plaintiffs and Class

Members in light of DoorDash's representation that they would receive "100% of

the customer tip."  DoorDash is a national food delivery service, and the case arises

from Defendant's improper embezzlement of tips directed and intended for Plaintiffs

and Class Members.  These tips belong to the Plaintiffs and Class Members on top

1

of the "Guaranteed Pay" for each delivery.

## NATURE OF THIS ACTION

1.      DoorDash provides a mobile phone application that provides consumers with a means to obtain food delivery services.  Plaintiffs bring this action on behalf of themselves and a class of similarly situated individuals who were subjected to DoorDash's illegal and deceptive practices of misrepresenting to drivers the true nature of their pay and the allocation of tips in connection with their Dasher services.

2.      More specifically, DoorDash advertises and represents on its website and other marketing materials that a gratuity can be added for a delivery and that the driver would receive "base pay + 100% of tips" from the customer. DoorDash, however, does not remit the full amount of gratuity represented to consumers to the driver (called a "Dasher") providing the delivery service. Instead, DoorDash keeps a substantial portion of this additional charge for itself, as its own additional revenue and profit on each delivery arranged and paid for by consumers, and at the expense of drivers like Plaintiff. DoorDash's conduct is equally applicable to the Class Members and constitutes an unfair, unlawful and fraudulent business practice in violation of the law.

## JURISDICTION AND VENUE

3.     Plaintiff Jamie Webb is a resident of Cherokee County, Georgia, and is a citizen of Georgia.  Plaintiff Webb's gratuity/tip compensation was taken by Defendant while she was working for DoorDash in the Atlanta area, *i.e.*, in this District, during a period including since 2018, which is within the class period set forth in this complaint.

4.     Plaintiff Aaron Hodge is a resident of Forsyth County, Georgia, and is a citizen of Georgia.  Plaintiff Hodge's gratuity/tip compensation was taken by Defendant while she was working for DoorDash in the Atlanta area, i.e., in this District, during a period including since 2018, which is within the class period set forth in this complaint.

5.     The Defendant, upon information and belief, is a California corporation which is operated from its principal place of business in 901 Market Street, Suite 600, San Francisco, CA, 94103 (San Francisco County).  It is a citizen of California. Defendant can be served at its registered agent Registered Agent Solutions, Inc., located at 900 Old Roswell Lakes Pkwy, Suite 310, Roswell, GA, 30076.

6.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2). The matter in controversy, exclusive of interest and costs, exceeds the sum or value of $5,000,000 and is a class action in which there are numerous class

members who are citizens of states different from Defendant. The number of members of the proposed class is in the aggregate greater than 100 and more than two-thirds of the class members reside in states other than the state in which Defendant is a citizen.

7.    This Court has personal jurisdiction over Defendant because it conducts business in the state of Georgia, and a substantial portion of the acts complained of took place in and around Atlanta, Georgia.

8.    Venue lies in this District pursuant to 28 U.S.C. § 1391(a)(2), because the Defendant conduct business in this District, Plaintiffs' tips earned in this District, Defendant misrepresentations and missed were made to Plaintiffs in this District, and the wrongs alleged against the Defendant arose from events in whole or in part in this District.

## ALLEGATIONS

9.    The Defendant is an on-demand food delivery service, which delivers groceries from Wal-Mart and meals from national restaurant chains and local restaurants.

10.    When a customer places an order with DoorDash, a customer has the ability to leave an additional gratuity, or tip.  The default tip for the driver or the "Dasher Tip" is currently set to 10% of the order.  In the past the default tip was set

to $2 or something similar.



11.     The customer can also leave a custom tip.   In the box left for the customer to pay a custom tip, the text of the app states "How much would you like to tip your driver?"



12.    DoorDash also promises Plaintiffs and Class Members a sum certain for each delivery when they accept the delivery



13.    A deliver driver ("Dasher") is supposedly compensated for a delivery

by a base rate plus "100% of tips" from the customer.

14.     Upon information and belief, in 2017, DoorDash changed it tipping policy by using a customer's tip to pay the Dasher's base rate.

15.     This contradicts DoorDash's explicit representations, including statements on its website and to Plaintiffs and Class Members that "[i]f the base pay + tip is less than the guaranteed minimum offered, Dashers will receive the guaranteed minimum amount. If the base pay + tip is greater than the guaranteed amount, Dashers will receive the base pay + tip." https://doordash.squarespace.com/doordashdrive/ (last accessed 2/7/2019).

16.     For example, if a Dasher accepted a delivery and was guaranteed a minimum of $5 for a delivery, the following would be the actual compensation given to the Dasher:

   a.  If the customer left the Dasher a $0 tip, DoorDash pays the driver $5, and the driver gets $5.

   b.  If the customer left the Dasher a $2 tip, DoorDash pays the driver $3, and the driver gets $5.

   c.  If the customer left the Dasher a $4 tip, DoorDash pays the driver $1, and the driver gets $5.

   d.  If the customer left the Dasher a $10 tip, DoorDash pays the driver $1 and

the driver gets $11.

*See e.g.* https://notipdoordash.com/ (last accessed February 7, 2019).  This differs

drastically from what was represented by DoorDash to Plaintiffs and Class Members.

In the scenarios above, the Dashers were promised:

    a.  If the customer left the Dasher a $0 tip, DoorDash should have paid the

       driver $5, and the driver should have received $5.

    b.  If the customer left the Dasher a $2 tip, DoorDash should have paid the

       driver $5, and the driver should have received $7.

    c.  If the customer left the Dasher a $4 tip, DoorDash should have paid the

       driver $5, and the driver should have received $9.

    d.  If the customer left the Dasher a $10 tip, DoorDash should have paid the

       driver $5 and the driver should have received $15.

17.    Upon information and belief, Plaintiffs and other Class Members did

not receive the total proceeds of the tips given to them.

18.    DoorDash retained a portion of these gratuities for itself to offset the

base pay guaranteed to Plaintiffs and Class Members.

19.    In an interview by Kevin Roose, a representative for DoorDashers

"eventually admitted to counting tips toward workers' guaranteed minimums after I

repeatedly pressed them on it." https://www.msn.com/en-us/news/newsus/instacart-

and-doordashs-tip-policies-deliver-outrage/ar-BBTfHan (last accessed February 7, 2019).

20.    This policy was deceptive to consumers and drivers because tips are tips are meant to go to the drivers on top of whatever base pay the driver gets for the delivery—it is meant to be in addition to wages, not a substitution for them.

21.    DoorDash used the tips to pay the Dashers base rate, harming Plaintiffs and other Dashers financially.  That is the Class asserted here.

22.    Upon information and belief, Defendant implemented this policy to generate additional revenue, but did not reveal this to its Dashers or customers.

## CLASS ACTION ALLEGATIONS

23.    Plaintiffs bring this action as a class action pursuant to Federal Rules of Civil Procedure 23, 23(a), 23(b)(2), and 23(b)(3), on behalf of the following Class and subclass:

a.    All drivers who made deliveries through DoorDash's service over the past six years and who did not receive the total amount of tips paid by a customer who specifically designated that amount as a gratuity for the driver or "Dasher" (the "Class," and the members of that Class, the "Class Members").

b.    All Georgia-based drivers who made deliveries through DoorDash's

service over the past six years and who did not receive the total amount of tips paid by a customer who specifically designated that amount as a gratuity for the driver or "Dasher" (the "Georgia Subclass," and the members of that Class, the "Georgia Subclass Members").   In this Complaint, a reference to the Class Members shall include the Georgia Subclass unless otherwise specified.

c.  Class Members shall not include the following persons or entities:

      i.  Defendant's officers, directors, agents, or employees;

     ii.  U.S. District Court judges, magistrate judges of any U.S. District Court, judges of the U.S. Court of Appeals for the Eleventh Circuit, and U.S. District Court personnel having any involvement with administration and/or adjudication of this lawsuit; and

    iii.  Class counsel and their employees.

24.    Membership in the Class is so numerous as to make it impractical to bring all Class Members before the Court.  The identity and exact number of Class Members is unknown at this time, but the number is reasonably estimated to exceed thousands, if not tens of thousands of persons.

25.    Plaintiffs' claims are typical of the claims of the members of the class

as all such members were similarly affected by Defendant's wrongful conduct as alleged herein.

26.    Questions of law and fact common to all Class Members predominate over any questions affecting only individual members. Such questions of law and fact common to the Class include:

a. whether Defendant misrepresented on its website and other marketing materials that "100%" of the gratuity will be added to the base rate;

b. whether Defendant kept or otherwise failed to remit a portion of the amount the customer designated as a gratuity or "tip";

c. whether Defendant's conduct constitutes unjust enrichment;

d. whether Defendant's conduct constitutes a breach of contract;

e. whether Plaintiffs and the Class have been damaged, and, if so, what is the appropriate relief as to each member of the Class; and

f. whether Defendant is due to be enjoined to fully and effectively report to the Class and its members individually the actual amount of the tips withheld.

27.    Plaintiffs are committed to the vigorous prosecution of this action and has retained competent counsel experienced in the prosecution of class actions of this type.  Accordingly, Plaintiffs are adequate representatives of the Class and will

fairly and adequately protect the interests of the Class.

28.    This class action is a fair and efficient method of adjudicating the claims of Plaintiffs and the Class for the following reasons:

a.  common questions of law and fact predominate over any question affecting any individual Class member;

b.  the prosecution of separate actions by individual members of the Class would likely create a risk of inconsistent or varying adjudications with respect to individual members of the Class thereby establishing incompatible standards of conduct for Defendant or would allow some Class members' claims to adversely affect other Class members' ability to protect their interests;

c.  Plaintiffs are not aware of any other litigation of these issues ongoing in this State or elsewhere brought by a Nationwide class of drivers;

d.  this forum is appropriate for litigation of this action since the cause of action arose in this District;

e.  Plaintiffs anticipate no difficulty in the management of this litigation as a class action;

f.  the Class is readily definable, and prosecution as a class action will eliminate the possibility of repetitious litigation, while also providing

redress for claims that may be too small to support the expense of individual, complex litigation; and

g.  the Defendant has acted in a similar manner with respect to the Plaintiffs and the Class as a whole making injunctive relief proper.

29.    For these reasons, a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

## COUNT I: BREACH OF CONTRACT (ON BEHALF OF PLAINTIFFS AND A NATIONWIDE CLASS)

30.    Plaintiffs repeats and re-alleges the allegations contained in the foregoing paragraphs as if fully set forth herein.

31.    This Count is asserted on behalf of the Class.

32.    Plaintiffs and each member of the Class received an offer of contract work from Defendant as represented to them (as described above), Defendant agreed to pay the base rate + 100% of tips, and Plaintiffs and Class Members accepted those offers. In doing so, Plaintiffs and Class Members entered into a contract with Defendant.

33.    Defendant breached this obligations by keeping all or a portion of each of the tips to subsidize its pay to the Dashers.

34.    Defendant's acts, including embezzling the tips intended for the Dashers, were intentional and willful.

35.    Defendant routinely underpaid Plaintiffs and the Class Members in breach of their offers and contracts, implied or express. Defendant failed to deliver 100% payment of the tips and agreed upon set rate for each delivery.  Plaintiffs did not agree to subsidize Defendant's required payment to Plaintiffs with the tips that were rightfully earned by and directed to them.

36.    Plaintiffs and Class Members performed the delivery services as agreed and in all other respects performed or substantially performed their obligations under the contracts.

37.    An implied covenant of good faith and fair dealing is part of all contracts.  Defendant breached its contractual obligation of good faith and fair dealing, implied in all contracts, by embezzling tips that were due to Plaintiffs and Class Members.

38.    Defendant's conduct in breaching the contracts in the above-described manner was not isolated but was rather systematic, pervasive, persistent, and a direct result of business policies and practices implemented to maximize Defendant's revenue.

39.    Plaintiffs and the Class were injured, harmed, and incurred financial loss by way of Defendant's above-described conduct in amounts to be determined at trial.  Plaintiffs' damages were a direct and proximate result of Defendant's actions,

14

as described above

40.    Plaintiffs and the Class did not voluntarily remit the tips or any portion of their base pay in dispute.  At the time it occurs and occurred, Plaintiffs and Class Members were unaware of such policies due to the misleading and deceptive presentation of the compensation system to them.

41.    As a result of the foregoing, Plaintiffs and the Class are entitled to, among other things, compensatory damages and all other relief deemed just and equitable by the Court.

## COUNT II: NEGLIGENT MISREPRESENTATION (ON BEHALF OF PLAINTIFFS AND THE CLASS)

42.    Plaintiffs reallege and incorporate each allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

43.    This Count is asserted on behalf of the Class.

44.    One who, in the course of business, profession or employment, or in any other transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information.

45.    Throughout the course of its business, Defendant incorrectly and unlawfully embezzled tip monies and failed to pay the base rate to Plaintiffs and the Class. Defendant represented one set of compensation in exchange for Class Members performing the agreed upon deliveries but then regularly failed to pay those base rates and withheld tips that were directed to and intended for Plaintiffs and Class Members.

46.    Defendant's omissions of material fact toward Class members, as described herein, were deceptive and misleading.

47.    Defendant was in a superior position to know material facts regarding its compensation policies, but failed to disclose them to Plaintiffs and the Class.

48.    Due to its superior position, exclusive knowledge, and partial disclosures, Defendant had a duty to disclose the material facts it concealed from Plaintiffs and the Class regarding the described misconduct.

49.    Defendant knew of the misleading nature of its statements because it concealed material facts. Defendant induced Plaintiffs and the Class Members accept deliveries under the false impression they would receive their base pay and 100% of tips.

50.    DoorDash was negligent and reckless in making its omissions, as it had a duty to provide accurate and complete information with care to its delivery

personnel, who had a right to rely on that information. DoorDash breached that duty by providing inaccurate information and concealing material facts without exercising due care to ensure Class members were fully and accurately informed.

51.    Plaintiffs and the Class justifiably relied on Defendant's omissions of material fact. Had Defendant informed Plaintiffs and the Class of material facts, they would have acted differently, including but not limited to—if able—taking steps not to transact with Defendant and/or to deliver goods for alternative providers who did not engage in deceptive compensation practices.

52.    DoorDash's negligent misrepresentations and omissions proximately caused harm to Plaintiffs and the Class.

53.    As a result of the foregoing, Plaintiffs and the Class are entitled to, among other things damages, an accounting, and all other relief deemed just and equitable by the Court.

## COUNT III: FRAUDULENT INDUCEMENT (ON BEHALF OF PLAINTIFFS AND THE CLASS)

54.    Plaintiffs reallege and incorporate each allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

55.    This count is asserted on behalf of the Class.

56.    DoorDash falsely represented and/or omitted material facts that were

susceptible of knowledge, with the intent of inducing Plaintiffs and Class Members to act.

57.    Plaintiffs and the Class justifiably relied on the representation and/or omissions, and suffered damages as a proximate cause of that reliance.

58.    Here, DoorDash falsely and unlawfully represented and/or omitted material facts to Plaintiffs and the Class, namely in its compensation practices, that it engaged embezzlement of Dasher tips and used those monies to offset its obligations to pay Plaintiffs and Class Members a base rate, which incentivized employees to engage in such deceptive practices and set up such fraudulent compensation scheme.

59.    DoorDash's representations were untrue, misleading, unfair, and not susceptible of knowledge. Further, DoorDash's material omissions were deceptive.

60.    DoorDash had superior knowledge and was in exclusive control of the material facts at issue. It had a duty to disclose them to Plaintiffs and the Class.

61.    DoorDash made its false representations and omissions with the intent of inducing Plaintiffs and the Class to obtain and continue taking deliveries and performing delivery services for DoorDash.

62.    Plaintiffs and members of the Class justifiably relied on DoorDash's false information and omissions.

63.    DoorDash's false information and omissions proximately caused harm to Plaintiffs and the Class.

64.    As a result of the foregoing, Plaintiffs and the Class Members are entitled to, among other things damages, an accounting, and all other relief deemed just and equitable by the Court.

## COUNT IV: UNJUST ENRICHMENT (ON BEHALF OF PLAINTIFFS AND THE CLASS)

65.    Plaintiffs reallege and incorporate each allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

66.    This Count is asserted on behalf of the Class.

67.    As a result of Defendant's unlawful, unfair, deceptive, and wrongful acts and omissions, customers bore the brunt of the improper embezzlement of tips from Plaintiffs and Class Members, the Plaintiffs and Class Members were deprived of millions of dollars in tips they were rightfully due while the Company unjustly reaped profits.

68.    As alleged herein, Defendant was unjustly enriched at the expense of Plaintiffs and Class members, who were grossly and inequitably underpaid for the deliveries they contracted with Defendant to provide.

69.    Defendant unjustly deprived Plaintiffs and Class members of money

they were underpaid due to the Company's deceptive compensation practices.

70.    Defendant's retention of this ill-gotten revenue is unjust and inequitable because Defendant used illegal, deceptive, and unfair business practices to induce or otherwise mislead Dashers to deliver goods for them under false pretenses and by using deceptive compensation scheme.

71.    Defendant's retention of this revenue is also unjust and inequitable because Defendant used illegal, deceptive, and unfair business and compensation practices to embezzle funds that were rightfully belonged to Plaintiffs and Class Members.  Defendant received a benefit for Plaintiffs and Class Members delivering for DoorDash that Plaintiffs did not bargain for.

72.    Defendant was aware of the benefit it was receiving as a result of its unlawful, unfair, deceptive, and wrongful acts and omissions, and has enjoyed the benefits of its financial gains to the detriment and at the expense of Plaintiffs and Class members.

73.    Defendant's retention of the gratuities conferred DoorDash customers to Plaintiffs and Class members is unjust and inequitable. Plaintiffs and Class members are entitled to seek restitution and all other relief as deemed just and equitable, including but not limited to, an order requiring Defendant to disgorge all profits, benefits, and other compensation obtained by virtue of its wrongful conduct.

74.    This claim is asserted as an alternative to Plaintiffs' claim for breach of contract and in recognition that any contracts executed by Plaintiffs and Class members may be void or voidable.

75.    Plaintiffs and the Class directly conferred a benefit upon Defendant through their tips being embezzled by Defendant and the base rate not being fully paid by Defendant.

76.    Defendant was aware of the benefit it was receiving as a result of its unlawful, unfair, deceptive, and wrongful acts and omissions, and has enjoyed the benefits of its financial gains to the detriment and at the expense of Plaintiffs and members of the Class.

77.    Defendant's retention of the improper amounts gained through its wrongful acts and practices was inequitable and unjust. Defendant improperly embezzled these tips from Plaintiffs and Class Members, and Plaintiffs and Class Members reliance on Defendant's material misrepresentations and omissions of fact resulted in improper payments being made to DoorDash and in DoorDash improperly withholding tips that were directed to and intended for Plaintiffs and Class Members.

78.    Plaintiffs and members of the Class have no adequate remedy at law.

79.     Plaintiffs and members of the Class are entitled to seek restitution and

other relief from Defendant, including but not limited to, an order requiring Defendant to disgorge all profits, benefits, and other compensation obtained through and for its wrongful conduct.

## COUNT V: VIOLATION OF GEORGIA FAIR BUSINESS PRACTICES ACT O.C.G.A. § 10-1-390, *ET SEQ*. (ON BEHALF OF PLAINTIFFS AND THE GEORGIA SUBCLASS)

80.    Plaintiffs reallege and incorporate each allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

81.    This Count is asserted on behalf of the Georgia Subclass.

82.    DoorDash has violated O.C.G.A. § 10-1-390 et seq. by engaging in unlawful, unfair or fraudulent business acts and practices and unfair, deceptive, untrue or misleading compensation scheme and advertising that constitute acts of "unfair competition" as defined in O.C.G.A. § 10-1-390 with respect to the compensation provided to Plaintiffs and the Class.

83.    Defendant engaged in unlawful acts and practices with respect to its services by establishing a fraudulent compensation scheme that materially misrepresented the nature of payment for deliveries by Dashers, fraudulently failing to give Plaintiffs and Class Members their tips as provided by customers, and by fraudulently using tips to offset the guaranteed base pay that was promised to Plaintiffs and Class Members each time they accepted a delivery job for DoorDash.

In short, DoorDash represented and advertised one compensation scheme but did not provide that compensation scheme as advertised and promised.

84.    In addition, Defendant engaged in unlawful acts and practices with respect to the its services by failing to remedy the situation for Plaintiffs and Class Members in a timely and accurate manner, contrary to the duties imposed by O.C.G.A. § 10-1-910.  To date, Defendant continues to implement the fraudulent compensation scheme outlined herein and have not refunded unauthorized withholdings to Plaintiffs and Class Members.

85.    As a direct and proximate result of Defendant's unlawful practices and acts, Plaintiffs and Class Members were injured and lost money or property, including but not limited to the tips that were rightfully theirs, the base compensation that was rightfully theirs, and additional losses described above.

86.    Defendant knew or should have known that its compensation scheme was deceptive and unfair. Defendant's actions in engaging in the abovenamed unlawful practices and acts were negligent, knowing and willful, and/or wanton and reckless with respect to the rights of Plaintiffs and Class Members.

87.    Plaintiffs and Class Members seek relief under O.C.G.A. § 10-1-390, et. seq., including, but not limited to, restitution to Plaintiffs and Class Members of money or property that Defendant may have acquired by means of its unlawful, and

unfair business practices, restitutionary disgorgement of all profits accruing to Defendant because of its unlawful and unfair business practices, declaratory relief, attorney's fees and costs, and injunctive or other equitable relief.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, for themselves and on behalf of all others similarly situated, respectfully requests the following relief:

a. certification of this lawsuit as a class action pursuant to Federal Rule of Civil Procedure 23(a), (b)(2), and (b)(3), and appointment of Plaintiffs and their named counsel to represent the Class;

b. a final judgment against the Defendant on the claims alleged herein;

c. an injunction requiring the Defendant to promptly, fully, and effectively inform each Class member of the true nature of the compensation system employed by Defendant and requiring that tips that were rightfully earned be provided to the Plaintiffs and Class Members;

d. disgorgement of all tips retained by Defendant and a return of those tips to Plaintiffs and Class Members

e. an injunction requiring Defendant from fully disclosing in a clear and comprehensible way the true nature of their compensation scheme to Dashers to reasonably prevent this type of harm in the future;

f. an award of punitive damages to the Plaintiffs and Class;

g. an award to the Plaintiffs and Class of attorneys' fees, expenses, and costs of this suit;

h. such other and further relief that is just and appropriate.

## **JURY DEMAND**

WHERFORE, Plaintiffs demand a jury on all issues so triable.

Filed this the 8th day of February, 2019.

/s/ James F. McDonough, III
James F. McDonough, III (GA Bar #: 117088)
Travis E. Lynch (GA Bar # 162373)
Heninger Garrison Davis, LLC.
3621 Vinings Slope
Suite 4320
Atlanta, GA 30339
P: (404) 996-0860
F: (205) 380-8076
JMcdonough@hgdlawfirm.com
tlynch@hgdlawfirm.com

W. Lewis Garrison (GA Bar #: 286815)
Chris B. Hood, PHV forthcoming
Heninger Garrison Davis, LLC.
2224 First Avenue North
Birmingham, AL 35203
P: (205) 326-3336
F: (205) 380-8085
Lewis@hgdlawfirm.com
chood@hgdlawfirm.com

<u>Local Rule 7.1 Compliance Certificate</u>

Pursuant to L.R. 7.1.D, this certifies that the foregoing document complies with the font and point selections approved by L.R. 5.1.C. The foregoing document was prepared using Times New Roman font in 14 point.

Filed this the 8th day of February, 2019.

/s/ James F. McDonough, III
James F. McDonough, III (GA Bar #: 117088)
Travis E. Lynch (GA Bar # 162373)
Heninger Garrison Davis, LLC.
3621 Vinings Slope
Suite 4320
Atlanta, GA 30339
P: (404) 996-0860
F: (205) 380-8076
JMcdonough@hgdlawfirm.com
tlynch@hgdlawfirm.com

W. Lewis Garrison (GA Bar #: 286815)
Chris B. Hood, PHV forthcoming
Heninger Garrison Davis, LLC.
2224 First Avenue North
Birmingham, AL 35203
P: (205) 326-3336
F: (205) 380-8085
Lewis@hgdlawfirm.com
chood@hgdlawfirm.com